**WICHITA VALLEY RY. CO. v. DURRETT et al.**

No. 14546.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 17, 1943.

Rehearing Denied Oct. 15, 1943.

Barwise & Wallace, of Fort Worth, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant.

T. R. Boone, Kearby Peery, and J. Walter Friberg, all of Wichita Falls, for appellees.

McDONALD, Chief Justice.

This suit involves a railroad crossing accident. Plaintiff was a passenger in an automobile which collided with defendant's train. Plaintiff recovered judgment upon a verdict of the jury, and defendant has appealed. We shall refer to the parties as they were designated in the trial court.

The collision occurred in the City of Wichita Falls. The automobile in which plaintiff was riding was proceeding north, while the train was proceeding west. Although the weather was cold, and although the collision occurred at night, the undisputed evidence shows that the surrounding conditions were such that there was nothing to prevent the driver of the automobile from seeing the train approaching if he had been keeping a proper lookout. Also, the undisputed evidence shows that plaintiff, had she been looking toward the east, could have observed the approach of the train. Immediately prior to and at the time of the collision, plaintiff was sitting on the front seat of the automobile, facing toward the driver of the automobile, and looking, therefore, in the opposite direction from which the train was approaching. We think that it cannot be denied that the driver of the automobile was guilty of negligence which contributed to cause the collision. The defendant concedes, however, that the negligence of the driver of the automobile, under the circumstances of the case, cannot be imputed to plaintiff, a passenger in the automobile.

We shall first pass upon the question of whether the evidence shows, as a matter of law, that plaintiff was guilty of contributory negligence in failing, as defendant charges, to keep any manner of lookout for the approaching train or to take any care for her own safety, since this defense, if established, would preclude a recovery.

The jury, in answer to special issues, exonerated the plaintiff of the charges of contributory negligence. The familiar test, therefore, is whether there is any evidence of probative value tending to support the verdict, considering that which is favorable to the verdict, and disregarding that which is not.

Plaintiff, a young lady about seventeen years of age at the time of the collision, lived near the scene of the accident, and was familiar with the railroad crossing. She, together with another girl and two boys near her own age, went to a pep rally at one of the schools in Wichita Falls, and were returning to their homes when the collision occurred. Plaintiff and one of the boys occupied the front seat, and the other couple the rear seat. Plaintiff, as has been stated, was sitting in a position looking toward the driver of the automobile. We think that it is undisputed that she did not look toward the east, from whence the train was approaching, as they neared the crossing. Nor does it appear that she made any remark to the driver concerning

the crossing. The evidence shows that he, too, was familiar with the crossing, that he had driven across it many times, and that he had even crossed it that same day. Plaintiff testified that she had never driven an automobile, and did not know how to drive one. The weather was very cold, and all of the windows of the automobile were closed, but the testimony is undisputed that the windows were not covered with frost or vapor. The occupants of the automobile were listening to its radio, and were discussing the music of the orchestra at the time.

■ Defendant contends that the undisputed evidence shows, as a matter of law, that plaintiff was guilty of contributory negligence in keeping no lookout whatsoever for the train, since she knew of the crossing, and that its motion for instructed verdict should have been granted, citing in support of its contentions the cases of Texas City Terminal Co. v. Showalter, Tex.Civ.App., 257 S.W. 621; Texas Mexican R. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; and Murphy v. Milheiser, Tex.Civ.App., 30 S.W.2d 586, writ refused. To our minds the case is controlled by the decision in Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526. We refer to that opinion for statement of applicable rules, without repeating what is there said; and we decline, under authority of that case, to hold that the evidence shows contributory negligence as a matter of law.

Defendant contends that the undisputed evidence shows, as a matter of law, that the negligence of the driver of the automobile was the sole proximate cause of the collision. The jury found to the contrary. While there can be little doubt, if any, that the negligence of the driver was a proximate cause of the collision, the question of whether it was the sole cause of the collision depends in part upon whether there is any evidence to support the jury finding of negligence, and proximate cause, on the part of the defendant, which we shall next discuss. If the negligence of the defendant was a proximate cause of the collision, then the negligence of the driver of the automobile could not have been the sole cause of the collision.

The jury absolved the defendant of all charges of negligence and proximate cause save one. The jury found that the construction of the train was such that the view of the driver of the train was partial-ly obstructed, that the operation of the train in such condition was negligence on the part of the defendant, and that such negligence was a proximate cause of the collision. Defendant contends that the undisputed evidence shows as a matter of law that there was no such negligence, and that the construction of the train could not have been a proximate cause of the collision.

The train in question consisted of one coach, about eighty feet long, which was propelled by a gas engine located at the front of the coach. The train was about nine feet wide. The radiator, designed and used to cool the engine, was a large affair, extending from the floor to the ceiling of the train, and was, with its accompanying equipment, about three feet in width and three feet in depth. The front of the radiator was flush with the front of the coach. The seat occupied by the engineer was alongside the radiator, and to the right of it, facing toward the front of the train. To the left of the radiator was another seat, similar to that occupied by the engineer. In front of each of such seats was a window, flush with the front of the radiator, about fifteen inches wide and about twenty-two inches high. And to the engineer's right, in the side of the coach, was another window. The vision afforded to the engineer, as he operated the train, was through the front window and through the window on his right. The radiator cut off his view to the left, except insofar as he could see through the front window. His testimony was that, as he approached the crossing, his view to the left of the track diminished until, when he came within a few feet of the crossing, he could see nothing on the left or south side of the track. Plaintiff's contention is that the engineer, if his view had not thus been cut off, would have seen the automobile in time either to have stopped, or to have reduced the speed of the train enough that the automobile could have crossed the track ahead of the train. The driver of the automobile testified that he did not see the train until he was within about three feet of the track, that he realized that he could not stop, and that he undertook to increase his speed and get across ahead of the train.

■ First to be determined is whether there is any evidence to support the finding of negligence with respect to the location of the radiator. The substance of the three findings in question is that the radia-

tor was so situated as to obstruct the view of the engineer of the traffic from his left, that the operation of the coach with the radiator located in such manner was negligence, and that such negligence was a proximate cause of plaintiff's injuries. Defendant contends that the undisputed proof shows that the coach in question was standard equipment on railroads, and that for such reason its use could not amount to negligence. In the first place, we do not believe that the undisputed evidence shows, as a matter of law, that the coach in question was standard equipment. The only testimony concerning such matter was that of the engineer of the train, who testified that his company operated a similar coach elsewhere on its line, but that the radiator on the other coach was not located at the front of the coach as was the one involved in this suit. In the second place, it seems to be the law that the use of so-called standard equipment does not of itself establish freedom from negligence as a matter of law. The question of negligence is still one for the determination of the jury from all of the evidence introduced. In 68 A.L.R. 1404 will be found citations of many cases to this effect, and the rule seems to be recognized in Texas in such cases as French v. Southwestern Telegraph & Telephone Co., Tex.Civ.App., 162 S.W. 406, affirmed by the Supreme Court in case under same style, reported in 110 Tex. 505, 221 S.W. 570. See, also, 29 Tex.Jur. 183, and authorities there cited.

Defendant's third point of error, under which the above contention is made, also asserts that the location of the radiator could not have been a proximate cause of the collision because the motor car was standard equipment, and because the undisputed proof shows that the automobile was observed slowly approaching the track and that the train men, as they had a right to do, assumed that the automobile would stop before it reached the crossing.

What has already been said disposes of the question relating to the use of standard equipment.

■■ There were two employees of the defendant riding in the cab of the coach. One of them was the engineer, and the other was an employee who had no duties with respect to the operation of the train, but who was simply riding on the train in order to reach his home in Stamford. He testified that he observed the approach of the automobile, but that he did not call the matter to the attention of the engineer, and, under the evidence, he was not under any duty to do so. What he may have done or failed to do is immaterial. As for the engineer, his testimony is to the effect that he may or may not have seen the automobile as it approached. There is nothing in his testimony to indicate that he saw the automobile approaching, but expected it to stop. He testified that if he saw a car approaching he did not notice it. Although the evidence is meager, we believe that there is enough to support a conclusion that the engineer would, had it not been for the obstruction of his view, have seen the automobile in time to have avoided the collision, either by stopping, or by slowing the train enough that the automobile would have cleared the crossing before being struck. We therefore overrule the contention that there is no basis in the evidence for the finding of proximate cause. We might further observe that the statement and argument under the point of error discussed relate only to the use of standard equipment, and make no mention of any other ground for overturning the finding of proximate cause. As we understand the rules, we are required to consider only such points of error as are argued in the brief, and perhaps only upon such grounds as are urged in the argument. Points of error which are not briefed are waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W. 2d 197, writ of error refused for want of merit.

■ Under its fifth point of error defendant complains of the action of the trial court in ordering the jury to retire and reconsider conflicts in the answers first made by the jury. To us it seems that the trial court followed the procedure authorized by Traders & General Ins. Co. v. Carlisle, 138 Tex. 523, 161 S.W.2d 484.

■ In a supplemental instruction to the jury, the trial court defined "sole proximate cause" as meaning the "only proximate cause". In its sixth point of error defendant contends that the definition is erroneous because "under the peculiar facts of this case there could be more than one sole proximate cause". We overrule the contention. Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326.

The judgment of the trial court is affirmed.