## PAGE v. PATERSON,

### PAGE v. WHITE.

#### Nos. 11413, 11414.

Court of Civil Appeals of Texas.
San Antonio.
May 3, 1944.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Carter & Stiernberg, of Harlingen, for appellees.

NORVELL, Justice.

This is a plea of privilege case involving exception 4 of Article 1995, Vernon's Ann. Civ.Stats. The controlling authority is Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The decisive question is whether or not the evidence supports the trial court's finding that a cause of action was shown against the resident defendant.

Charles L. White and Allan G. Paterson brought separate actions against Guy A. Thompson, trustee for St. Louis, Brownsville and Mexico Railway Company, Dean Word and Holland Page.

Page filed pleas of privilege in both actions, which White and Paterson controverted by affidavits, relying primarily upon exception 4 of Article 1995. The trial court ordered a joint hearing of the two pleas of privilege and rendered judgment overruling the pleas. Page has perfected an appeal in each case. This opinion will dispose of both appeals.

The evidence shows conclusively that Dean Word is a resident of Bexar County and Holland Page is a resident of Travis County. The trustee for the railway company did not file a plea of privilege.

■ The petitions of both White and Paterson (which were adopted as a part of their controverting affidavits) state a cause of action against Ward and against Page. The cause of action stated is either a joint cause of action against Ward and Page, or the cause of action stated against Page is one which may be properly joined with that against Ward under the rule intended to prevent a multiplicity of suits. The inquiry is thus narrowed to the question stated in the forepart of this opinion.

■ The evidence discloses that Word had a contract with the Texas State Highway Department whereby he undertook to lower the grade of the railroad track in a particular area so that an overpass could be constructed over said railroad upon the north loop of the Military Highway which intersects the railroad a short distance south of the San Antonio Municipal Airport. The general direction of the railroad tracks was north and south. In order to perform this contract Word rendered impassable the railroad crossing formerly

existing on said Military Highway. He did construct a temporary crossing nearby, primarily for the use of his trucks and equipment. White and Paterson were riding in an automobile driven by White. They approached the railroad from the east, intending to cross over the same and proceed in a westerly direction along the Military Highway. They found the crossing blocked. A flagman employed by Word directed them over the temporary crossing. Some time after having crossed from east to west, White and Paterson attempted a return crossing upon the temporary way. According to White and Paterson's testimony it was impossible to see any great distance up or down the railroad track from the approach to the temporary crossing, because said approach was through a cut, the banks of which obscured the view. It also seems that certain concrete structures erected by Page as a part of the overpass then under construction also contributed to the obscuring of the view. White and Paterson, according to their testimony, approached the crossing from the west during the working hours of Word's employees. White stopped the car and as no flagman was seen, White and Paterson concluded that the way was clear and then attempted to cross the tracks. They drove onto the tracks in front of an on-coming train which struck the car and caused serious bodily injuries to both of them.

We believe that the evidence, when viewed in the light most favorable to White and Paterson, supports the implied findings of the trial court that Word or his employees were negligent, and said negligence was a proximate cause of appellees' injuries. A cause of action against the resident defendant was therefore shown.

■ The evidence does indicate that White and Paterson upon the merits might be unable to prove the cause of action which they have alleged against Page. For instance, the petitions allege that the flagman was the agent or servant of both Word and Page, while the evidence adduced upon the plea of privilege hearing indicates that Page had no control over the flagman, and that he was the employee of Word alone. However, in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1301, it was held that the fact that "evidence upon the hearing of the plea of privilege affirmatively disclosed that the plaintiff had no cause of action, either joint or several, against the nonresident defendant," does not require that the nonresident defendant's plea of privilege be sustained, provided, of course, the plaintiff has met the requirements of pleading and proof designated in exception 4, Article 1995, as the same are set forth in the authority cited.

■ Appellant also argues that the evidence demonstrates that the negligence of White and of Paterson contributed to the injuries sustained by them. In our opinion the evidence does not establish as a matter of law that the negligence of either White or Paterson, or their joint negligence, was the sole proximate cause of their injuries.

■ Evidence demonstrating that a plaintiff's negligence or the negligence of some person other than the defendant was the sole proximate cause of plaintiff's injuries rebuts a charge that defendant's negligence was a proximate cause of plaintiff's injuries, and shows that no cause of action in fact exists. Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984, holdings, approved by the Supreme Court. It follows that the issue of sole proximate cause may be an element of a venue fact where the existence of a cause of action in fact is made material by the wording of a particular exception of the venue statute.

■ Where, however, the negligence of the defendant is a proximate cause of plaintiff's injuries and likewise the plaintiff's negligence is a proximate cause of said injuries, the contributory negligence of the plaintiff is described as constituting a defense to plaintiff's cause of action. Gulf, Colorado & Santa Fe Railway Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; Houston & Texas Central Railroad Company v. Anglin, 99 Tex. 349, 89 S.W. 966, 2 L.R.A.,N.S., 386. Proof of contributory negligence of the plaintiff does not rebut or destroy the charge of negligence and resultant injury made against defendant but avoids liability therefor. Where the issue is venue and not liability, the matter of contributory negligence is not material, i. e., it is not a venue fact. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817.

The orders of the trial court overruling the pleas of privilege of appellant in both cases are affirmed.