## EL PASO CITY LINES, Inc. v. SMITH et al.

### No. 4684.

Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1949.

Rehearing Denied Nov. 23, 1949.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellant.

Andress, Lipscomb & Peticolas, El Paso, for appellees.

SUTTON, Justice.

This is an appeal from the 65th District Court of El Paso County. Henry W. Smith, Jr., and Kenneth J. Martin each filed separate suits against the El Paso City Lines, Inc., to recover damages for personal injuries received in a collision accident between a car in which the plaintiffs were riding and a street car operated by the defendant at a street intersection in the city of El Paso. The facts with respect to the happening of the accident were identical, and by agreement the two cases were consolidated and tried together. The trial was to the court without a jury. The Court found and decreed Smith was entitled to recover $1200 for his injuries and Martin $4000. From that judgment the defendant has appealed.

No questions are raised on the pleadings. The Court filed findings and conclusions to which the defendant excepted.

The defendant has briefed six points of error. 1, 2 and 3 are briefed together as are 4 and 5. The first point is the undisputed evidence shows the automobile was operated in excess of the speed limit and at such a speed it could not be controlled and that such negligence was the sole cause of the accident; the second that the court erred in holding the negligence

of the driver of the car was not imputable to the passengers, Smith and Martin, plaintiffs, and the sole proximate cause of the accident; and the third that the court erred in holding the negligence of the driver in operating the car in excess of 30 miles per hour was not imputable to plaintiffs, since the undisputed evidence showed the rate of the speed was such the driver could not control the car, and was the sole proximate cause of the accident. The fourth and fifth are the court erred in holding the plaintiffs were not each guilty of contributory negligence in failing to keep a proper lookout, because the undisputed evidence shows they did not keep such a lookout, and had they kept such a lookout they could have discovered the street car in time to avoid the collision, and that such contributory negligence was a proximate cause of the accident. The sixth is the court erred in admitting evidence over the objection of the defendant that a witness every day heard cars sliding out there on that corner trying to avoid a street car or other automobile, and that was true at the time of the trial and was in September 1946, and after the street car tracks had been taken up.

The accident and collision occurred at the intersection of Idalia and Copia Streets in the northeastern portion of the residential district of the city of El Paso. Idalia Street is a paved street and a much used street, especially between 8 and 9 in the morning, 12 and 1 noon, and 5 and 6 in the late afternoon. Copia is an unpaved street and was the street used by the street cars. Idalia runs east and west and Copia north and south. The street car was going south and the car east. On the right of the street car as it approached the intersection was a house and some trees. The whole of the testimony is the corner is a blind one and dangerous.

Robert Gertson was the owner and driver of the car. He and Martin were patients at William Beaumont Hospital at Fort Bliss, where they were undergoing treatment for wounds received overseas. Smith was a part of the personnel at the hospital. Gertson desired some paint for his own personal use on the date of the accident. Martin's car was in a garage in South El Paso for repairs. Gertson picked Martin up and gave him a lift by running him down to see about his car. The car was not ready and they were returning home. Gertson picked up his paint at Five Points. A short distance from Five Points they came up on Smith who was hitchhiking to the Post. All three rode in the front seat of the car, Martin between Gertson and Smith. The accident occurred September 19, 1946, at about 5:45 P.M.

The testimony differs as to the speed of the car, and fixes it variously from 25 to 55 miles per hour as it approached the intersection. The occupants say they each discovered the street car just as it entered the intersection and the view of the street car was obscured by the residence and trees. They each say the driver applied his brakes and turned the car to the right, apparently hoping to go in front of the street car, and then to the left in an effort to go behind it and hit it near the front rear truck. The street car was a large one—the largest the Company operated and near 40 feet in length. Idalia was 32 feet wide.

The motorman said he entered the street at about five miles an hour and to avoid blocking the street and in an effort to avoid the automobile gave it all the juice and speed it had. It stopped 120 feet beyond the intersection. The occupants of the car said the street car approached the intersection at a fast speed. First Lieutenant Curo, who occupied the third window seat from the front on the right, produced by the defendant, said the street car approached the intersection at 25 miles per hour; that the motorman applied the brakes and slowed to about 15 miles and then gave it the power and speeded it up.

The motorman likewise testified he saw the car just as he was about to enter Idalia and that his car could have been stopped in 10 to 14 feet.

The Court found the fact to be that the street car was "just prior to the accident and at the time of the accident proceeding south on Copia Street at a speed of approximately 25 miles per hour" and that

the street car did not stop at the intersection; that the "motorman was negligent in driving said street car into, upon and across said intersection at a high and dangerous rate of speed under all the surrounding circumstances" and that such negligence was a proximate cause of the accident. He found Gertson was proceeding on Idalia Street just prior to the accident at a speed in excess of 30 miles per hour. He also found the owner of the car and the plaintiffs were not engaged in a joint enterprise; that the negligence of the driver could not be imputed to the plaintiffs and that they were not guilty of contributory negligence.

■ The evidence amply supports the finding of the trial court the motorman was guilty of negligence in the operation of his car and that such negligence was a proximate cause of the accident and consequent injuries to plaintiffs. The defendant does not challenge the finding but insists the evidence establishes as a matter of law the speed of the car was the sole proximate cause. In that situation of the record, as said in the case of Wichita Valley Ry. Co. v. Durrett, Tex.Civ.App., 174 S.W.2d 329 at page 331 (e. r.), "If the negligence of the defendant was a proximate cause of the collision, then the negligence of the driver of the automobile could not have been the sole cause of the collision." This disposes of defendant's first three points.

■ The findings of the trial court have already been noted on the issues of contributory negligence, in respect to the failure of the plaintiffs to keep a proper look out. The rules applicable to the duty of a guest in an automobile have been carefully restated in Edmiston v. T. & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526(T) at page 529(7, 8) and we think control this case, and defendant's points 4 and 5 are overruled.

■ Defendant makes no specific reference to the record under its 6th point. While the witness Hughey was testifying he was asked if he had had occasion to observe the intersection at Idalia and Copia, to which he replied that "it is a dangerous corner there for cars * * *". The objection was made that it was a conclusion and opinion, whereupon the court struck the word "dangerous". That met the objection without question. The witness then answered: "Well, it's a corner where considerable accidents occur between streetcars and automobiles." Other questions and answers follow without objection, and then this question was asked: "And I will ask you this; whether or not you ever saw any near accidents there?" The objection was then made, "If the Court please, that calls for a conclusion— 'If he had seen any near accidents'. We are not here to find what on other occasions were, and it is just an opinion." The Court replied, "What he wants to establish is this a specially dangerous corner," and overruled the objection, to which exception was taken. The witness then answered, "Yes, every day why you hear cars sliding out there trying to miss a street car or another automobile or something on that corner"; that the same was true in 1946, and the squeaking of brakes was heard after the street car tracks had been taken up. This is all we find ourselves with respect to the testimony mentioned in the 6th point. The answers of the witness were statements of fact and not his conclusions and opinions as to what happened. Moreover, the trial was to the Court and it will be presumed he did not act upon inadmissible testimony, if any there be, and that no prejudice resulted therefrom.

We find no reversible error pointed out under the points briefed and the judgment of the trial court is affirmed.