## WOOD v. WOOD et al.
### No. 15382.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 21, 1952.

T. E. Springer, of Paris, for appellant.

Cunningham, Cole & Southerland, of Bonham, for appellees.

RENFRO, Justice.

Suit was brought in the district court of Fannin County by appellees, Wendell W. and Pierce Wood, in their representative capacities as independent executors of the estate of Aubyn Wood Phillips, deceased, against appellant, Pebyl Wood, for the sum of $9,000 and against First National Bank in Honey Grove, Texas, for the sum of $1,000. It was alleged that Pebyl Wood was bequeathed the sum of $8,000 under the will of Aubyn Wood Phillips, deceased, and that she had fraudulently procured $9,000 from the deceased during her last illness by filling in and cashing two checks that Mrs. Phillips had signed in blank, one being in the sum of $8,000 and the other for $1,000. The money represented by the $1,000 check was tendered into court by the bank.

Trial was to the court without a jury and judgment was entered in favor of appellees against appellant, offsetting the $8,000 received under the will against the $8,000 procured through the above mentioned check, and rendering judgment in favor of appellees for the $1,000 tendered into court.

Appellant contends there is no substantial evidence to support the judgment allowing appellees the $8,000 offset and that the overwhelming preponderance of the evidence shows the $1,000 check represented a gift to appellant by the deceased.

The trial court filed findings of fact in which he found (a) that the $8,000 check drawn on the Continental National Bank of Forth Worth, Texas, was signed in blank by the deceased, Aubyn Wood Phillips, and that she did not deliver the same to appellant for the purpose of giving appellant $8,000 but, on the contrary, appellant secured said sum fraudulently and without the knowledge or consent of the deceased; (b) the check for $1,000 drawn on

the Honey Grove Bank was signed in blank and the deceased did not deliver said check to appellant as a gift but, on the contrary, appellant secured the sum of $1,000 fraudulently and without the knowledge or consent of said deceased.

In substance, the evidence viewed in the light most favorable to the trial court's judgment may be stated as follows: Appellant was related to the deceased, Mrs. Phillips, by marriage. Prior to June 12, she had lived with Mrs. Phillips for approximately two years, receiving a salary, clothes, room and board. On June 8, 1951, appellee Pierce Wood, Richard McCleary, President of the Honey Grove Bank, Mrs. Phillips and appellant met in McCleary's office for the purpose of discussing Mrs. Phillips' will. It was agreed by all parties that Mrs. Phillips would bequeath to appellant the sum of $8,000. A will containing such provision was immediately prepared by an attorney and duly executed by Mrs. Phillips. On June 12, 1951, Mrs. Phillips suffered a heart attack and was taken to a hospital. She died June 21, 1951. On the 12th or 13th of June, appellant presented a check to the business manager of the hospital which was entirely blank, except for Mrs. Phillips' signature. Appellant had the business manager date the check as of June 2, 1951, and the figures and words $8,000 and the words payable to Pebyl Wood inserted thereon. She told witness McCleary the $8,000 represented what she was to get under the will. A week later she told him it was not. She presented another check signed by deceased and dated June 12 to McCleary and had him fill it out for $1,000. She had previously told him it was to be for $1,500. She also told him that she had several blank checks signed by deceased. Neither at the time of the conference in the bank nor in the attorney's office while the will was being prepared did anyone say anything about any gift or benefit to appellant other than the $8,000 bequest. Appellant showed the check which was later filled out for $1,000 to the witness Dr. Morgan and told him it was to be filled out for $1,500; that Mrs. Phillips was afraid appellant would be cut out of the will and the check was

given so work could be done on appellant's house. There was testimony to the effect that during the conference at the bank appellant told Mrs. Phillips she would not stay with her if she didn't leave her $8,000. The $8,000 check was mailed direct to the Continental National Bank of Fort Worth by appellant, with the request that said sum be immediately transferred from Mrs. Phillips' account to appellant's account.

In regard to the $1,000 check, appellant testified that she did not date it, that it was on a dresser at home, "It was put on the dresser on Saturday I guess." At one point in her testimony, appellant testified that the $8,000 check was given her on June 2, or six days before the will was executed, and at another point in the testimony she stated that it was after the will was executed that the gift was made.

Bearing in mind that the court could believe or disbelieve in whole or in part the evidence presented, and bearing in mind numerous inconsistencies in appellant's testimony, we have concluded that the trial court had sufficient evidence of probative value before him to uphold the judgment rendered.

The appellant contends that the court erred in allowing the witness McCleary to testify that he "understood" that the money received on the $8,000 check was obtained by appellant in lieu of the money bequeathed to appellant by the will of deceased. The testimony to which appellant objected occupies several pages of the statement of facts. We have given careful attention to the testimony and believe that a reasonable interpretation of his testimony shows that he was testifying to what he understood appellant to say and not to what he understood she meant. The fact that a witness uses the expression "understood" does not render his testimony inadmissible, when the term is used in the sense of explaining what he heard the witness say. 32 C.J.S., Evidence, § 451, p. 89.

The appellant complains of certain testimony of the witness, Dr. Morgan, wherein he repeated some statement made to him by Mrs. Phillips.

The trial was to the court and it will be presumed he did not act upon inadmissible testimony and that no prejudice resulted therefrom. El Paso City Lines, Inc. v. Smith, Tex.Civ.App., 226 S.W.2d 498, error refused.

Finding no reversible error in the record, we affirm the judgment of the trial court.