**SINCLAIR REFINING CO. et al.,**
**Appellants,**

v.

**William M. CHANDLER, Appellee.**

No. 6982.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 5, 1957.

Gordon R. Wellborn, Rex Houston, James N. Phenix, Henderson, for appellant.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellee.

CHADICK, Chief Justice.

This is a venue case appealed from the District Court of Cherokee County. William M. Chandler and his wife Hassie Chandler as plaintiffs sued Sinclair Refining Company, Malcolm A. Young and his employee, William Denson for damages resulting from an automobile collision. Sinclair filed a plea of privilege to remove the case to Dallas County and the other defendants filed a similar plea to be sued in Smith County. The respective pleas were controverted and subdivision 9a of Art. 1995, V.T.C.S. invoked to sustain venue in Cherokee County, and both pleas were, after hearing, overruled by the trial court.

In their brief appellees concede that the plea of privilege of Sinclair should be sustained and therefore this Court will reverse as to Sinclair and render judgment that the venue of such suit as to Sinclair is Dallas County and order that the same be transferred to that county. The judgment of the trial court as to Young and Denson is affirmed.

The appellants present four points of error. They are grouped for argument and all of the points are inter-related and are concerned with the central question of whether the appellees pled and sufficiently proved their cause of action. In their brief the appellants state:

"* * * this aged man's own admission that he was following a truck from two to three car lengths behind it dictates that such action must be held to be the sole cause of collision. It, of course, is settled law in this state that 'sole cause' on the part of the plaintiff is an issue to be considered on a plea of privilege hearing even though contributory negligence on his part is not."

and cite Horton & Horton v. House, Tex. Com.App., 29 S.W.2d 984; Page v. Pater-

son, Tex.Civ.App., 180 S.W.2d 660; Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, in support of their position.

Findings of fact and conclusions of law were not filed but on examination of the record these relevant facts are found: Mr. Denson, the employee of Mr. Young, in the course of his employment was driving a bulk gasoline tank truck north on Highway 69 in Cherokee County about 10:00 o'clock on the morning of Sunday, November 10th, 1956 when the appellant, Mr. Chandler, accompanied by his wife, on his way to church driving a Ford automobile overtook and for a distance of several hundred yards followed behind the truck, and the following action occurred as related by Mr. Chandler, the only witness testifying at the hearing:

"Direct Examination

"A. Well, he wasn't going so very fast, of course, I was going to pass.

"Q. You intended to pass him? A. Yes.

"Q. Speak out to they can hear you. All right, did you ever get to pass him? A. No, sir.

"Q. Now did this truck continue on ahead or did it do something else? A. No, he didn't continue on.

"Q. What did he do? A. He stopped.

"Q. Did he stop gradually, casually or very suddenly? A. He stopped suddenly.

"Q. Now tell the Judge what signal that he gave that he was going to stop? A. He didn't give any.

"Q. Did he give any signal to indicate that he was going to stop or turn? A. No.

"Q. Did he turn? A. No. Not until after the wreck.

"Q. Well, before the wreck, did he ever show any indication, the truck,

that he was going to turn at all? A. No.

"Q. All right, now the Court wants to know, I am sure, where the truck was when it stopped with reference to the highway? A. Right in the middle of the righthand lane of the highway, right smack in the middle of it.

"Q. You are saying, Mr. Chandler, that it stopped as far as you can tell in the place which had been occupied by him in driving along? A. Yes.

"Q. So far as the right and left of that right side is concerned? A. Yes.

"Q. All right. And when he stopped in front of you what did you do? A. Well, of course, I tried to turn, but I didn't have time to turn, I was fixing to pass him and he stopped so sudden, I didn't do anything but hit him.

"Q. Well, did you— A. I tried to put on my brakes, but I was too late.

"Q. Too late to take effect? A. Yes. I saw the truck, but I was too close then, he stopped so sudden.

"Q. Would you be able to tell us about what distance you were driving behind the truck at the moment he stopped? A. I don't know, about two or three car lengths.

"Q. All right, were your eyes good? A. Yes, I can see good without my glasses.

"Q. And up to that time, Mr. Chandler, were you physically strong and mentally alert and watching your business in every way? A. Absolutely. Nobody in this world better, physically, I reckon."

"Cross Examination

"Q. All right, now then it would be true to say that you were anywhere from thirty-two to thirty-five or six feet behind the truck, is that correct? A. I guess so.

"Q. All right, and you said that you were going to pass this truck, had you already started passing at the time of the collision? A. No, I had turned just a tiny bit, I had turned to miss him, I guess, I didn't do that until after I saw him stop.

"Q. You did what? A. Tried to turn just a little to go around, but I was so close then and he stopped so sudden that I couldn't get around.

"Q. And you say that he stopped just like that (indicating) just that instantly in the highway? A. He stopped without any signal." * * *

"Q. Now then, Mr. Chandler, you did tell me though that you just didn't even have time to apply your brakes, didn't you? A. Not much time. That distance and him stopping right in the middle of the road, I wouldn't have time to do anything. And when you were intending to pass.

"Q. Well, you were intending to pass? A. Of course, if you pass a person where you can't see good why you will always drive pretty close before you turn out to you can see."

The witness was examined further but the other testimony concerning Mr. Chandler's acts was a reiteration of this set out. It was developed that the highway had a traffic flow of two or three cars per minute in the vicinity of the accident.

■ The test as to whether or not Mr. Chandler's action as shown by the evidence was the sole proximate cause of the collision and the resulting injuries and damages he and his wife sustained is to examine the pleadings and evidence to determine if there is evidence to support one or more of the acts of negligence and proximate cause alleged against the truck driver and impliedly found by the trial judge. Such procedure has been approved by the Supreme Court in refusing writ of error in Wichita Valley Ry. Co. v. Durrett, Tex.

Civ.App., 174 S.W.2d 329, 331. The rule is stated as follows:

"Defendant contends that the undisputed evidence shows, as a matter of law, that the negligence of the driver of the automobile was the sole proximate cause of the collision. The jury found to the contrary. While there can be little doubt, if any, that the negligence of the driver was a proximate cause of the collision, the question of whether it was the sole cause of the collision depends in part upon whether there is any evidence to support the jury finding of negligence, and proximate cause, on the part of the defendant, which we shall next discuss. If the negligence of the defendant was a proximate cause of the collision, then the negligence of the driver of the automobile could not have been the sole cause of the collision."

■ Appellees allege in their trial pleading that the truck driver was guilty of negligence proximately causing the collision in (1) failing to keep proper look-out; (2) stopping the truck suddenly on the traveled portion of the highway and (3) failing to give a visible signal of his intention to stop. If the evidence will support a finding of negligence and proximate cause in connection with any one of the three, then Mr. Chandler's action cannot be the sole proximate cause of the collision. El Paso City Lines, Inc., v. Smith, Tex.Civ. App., 226 S.W.2d 498, wr. ref.

■ Considering first the question of negligence, on facts somewhat similar though not identical with those in this case the Supreme Court in Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W. 2d 224 held that such evidence would support findings that the sudden stop of a bus in front of an automobile driven ten or twelve feet to its rear was negligence (and a proximate cause of the collision). This authority and the undisputed facts here impel a holding that the gasoline

truck's sudden stop in the highway under the circumstances shown support the trial court's implied finding that such action was negligence (and a proximate cause of the collision and resulting injury and damage).

In a Supreme Court opinion by Justice Smedley, Hopson v. Gulf Oil Corporation, 150 Tex. 1, 237 S.W.2d 352, 355, the criteria by which a fact situation is tested to determine whether the evidence supports a finding of proximate cause is discussed, and in that case it is said:

"Two elements or tests of proximate cause are causation and the limitation to foreseeable consequences. As to causation, it is said that if the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause, and that ordinarily it will be such a substantial factor if the ·result would not have occurred without it. * * *

"In using foreseeableness as a test to determine proximate cause, this Court and the Courts of Civil Appeals have been careful to point out that for the defendant's negligence to be regarded as a proximate cause of the plaintiff's injury it is not necessary that the defendant should or would reasonably anticipate the very consequences or the exact nature of the plaintiff's injury or the precise manner of its infliction. It is sufficient that the defendant would reasonably have anticipated consequences or an injury · of the general nature of that which ensued. (Citing cases)

"Prosser says that if liability is limited to foreseeable consequences, 'the consequences must be a normal, substantial part of the risk, which a reasonable man would recognize as fairly to be taken into account by the defendant at the time of his act.' Prosser on Torts, Ch. 8, p. 343, § 48."

This test applied to the facts shown by Mr. Chandler's testimony leaves no doubt but that the trier of the facts might reasonably find the act of the gasoline truck driver to be a proximate cause of the collision and resulting injury and damage.

A discussion of the other alleged grounds of negligence and proximate cause is not needful under the conclusion reached respecting the allegation and proof of a sudden stop.

The Court as trier of the facts would have no difficulty in finding that Mr. Chandler was negligent and that his negligence was a proximate cause of the collision, but since the facts also support a finding that the truck driver's act of suddenly stopping was negligence and a proximate cause of the collision Mr. Chandler's acts could not be said, as a matter of law, to be the sole proximate cause of the collision. El Paso City Lines, Inc., v. Smith, supra.

Consideration having been given to all points of error presented and the judgment of the trial court appearing to be sustained by ample evidence, appellant's contentions are respectfully overruled and the judgment of the trial court is affirmed as to appellants Young and Denson, and as heretofore stated, reversed and rendered as to Sinclair Refining Company.