Lloyd WALLACE, Appellant,

v.

W. A. DENTON et ux., Appellees.

No. 7629.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 31, 1965.

Rehearing Denied Oct. 12, 1965.

Lowell C. Holt, Milton Greer Mell, Gilmer, for appellant.

Garrison & Bolding, Gilmer, for appellees.

FANNING, Justice.

A venue case. W. A. Denton and wife, Mae Denton, sued Lloyd Wallace in the District Court of Upshur County, Texas, for damages for personal injuries and property damages sustained as a result of a collision in Upshur County, Texas, between the motor vehicles operated by Mrs. Denton and Mr. Wallace. Defendant Wallace, a resident of Dallas County, Texas, filed a plea of privilege. Plaintiffs controverted the plea, relying on Subd. 9a of Art. 1995, Vernon's Ann.Tex.Civ.St. The trial court, after hearing the evidence adduced, overruled the plea of privilege. Defendant has appealed.

Appellant presents four points on appeal wherein he contends to the effect that the evidence as a matter of law fails to support the judgment in that it affirmatively appears that plaintiffs failed to show by a preponderance of the evidence any negligence in Upshur County, Texas, on the part of appellant proximately causing any injury sustained by appellees; that there was "no evidence" and that the evidence was "insufficient" to show any negligence on the part of appellant in Upshur County, Texas, proximately causing any injuries to appellees, and that the judgment and implied findings of the trial court are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust and unfair.

For a comprehensive discussion of the law applicable to the determination of "no evidence" and "insufficient evidence" points see Chief Justice Calvert's article, " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Tex.Law.Rev., No. 4, p. 361.

Plaintiffs plead several acts of negligence on the part of defendant proximately causing the injuries complained of, among which was the alleged failure of defendant to keep a proper lookout.

Only two witnesses testified in the case: appellee, Mrs. Mae Denton and J. B. Wallace, a brother of the appellant. Lloyd Wallace, the appellant, did not testify. His brother, J. B. Wallace, was not an eyewitness to the automobile collision in question.

Mrs. Denton, among other things, testified to the effect, that on 15, 1962, in Upshur County, Texas, she was driving her automobile at a rate of speed of approximately 30 to 35 miles per hour in a generally westerly direction along FM 554, a paved road, on a clear day; that appellant Lloyd Wallace approached the scene from her left as he was headed in a generally northerly direction and coming up a dirt road; that she saw appellant's car just before the crash, but that she did apply her brakes and swerved to her right just before impact, which was between the side of her left front fender and appellant's right bumper and that the crash occurred well over on her right hand side of the road she was travelling. Mrs. Denton further testified to the effect that about two minutes after the collision, appellant came to her automobile and stated to her as follows:

"And Mr. Wallace came up at that time and he wanted to know if I was hurt and I said, I don't think so. And he said that he was thinking—he had been down to his brother's house and he was going back to his place over at Rhonesboro and he was thinking of going deer hunting the next day and was thinking of the buck that might jump up in front of him; that he just wasn't paying attention; that he did not see me. He was—he just did not see me, because he was down from Dallas for a yearly hunt, I suppose. He said he was down to go deer hunting the next day when the deer season opened and he said he was thinking of

the deer trip; that he just wasn't paying attention."

Plaintiffs and defendant both offered exhibits depicting the general area of the intersection, although neither purported to be drawn to scale. These exhibits reflect that the dirt road in question (Pritchett Road) approached FM 554 from the south at a point several feet west of the point where it continues on north of FM 554. Appellees contend in their brief that the physical facts show that Mrs. Denton necessarily entered the intersection first. We quote from said brief in part as follows:

"Both plaintiffs' and defendant's exhibits showing the scene of the collision reflect that the Pritchett Road on the South is offset West a good many feet from the entrance of this road as it leaves FM 554 going North. Mae Denton was driving in a westerly direction and the physical surroundings on the scene show conclusively that she necessarily entered the intersection first. The defendant had only a few feet to go whereas she had more than 100 feet to go to the impact area in front of Bullock's store, and yet she was hit on her left front side!"

Mrs. Denton also testified as to her personal injuries and damages to her automobile, received as a result of the collision, which occurred in Upshur County, Texas.

Originally there was a controversy between the parties as to whether there was any stop sign on the dirt road in question where it intersected FM 554, but after all the evidence was completed it appeared that there was no stop sign on said dirt road at said place on the date in question, although one was put there three or four days later.

J. B. Wallace testified as to the absence of a stop sign on the date in question, and also testified as to the physical facts on the scene as he observed them. He told of skid marks on the FM 554 road which he estimated to be 100 feet in length. Mrs.

Denton testified to the effect that she saw appellant Lloyd Wallace just before the impact and applied her brakes just before the impact. There is no testimony in the record which would indicate that appellant Lloyd Wallace applied the brakes of his automobile before the collision. Mrs. Denton also testified to the effect that there was nothing to obscure appellant's vision of the intersection in question and oncoming traffic thereon, as she saw it. Mr. J. B. Wallace testified to the contrary and to the effect that such visibility was obscured.

Appellant in his brief takes the position that Mrs. Denton by her own testimony shows that she did not keep a proper lookout for appellant's vehicle and contends to the effect that as a matter of law her failure to keep a proper lookout was the proximate cause of the collision in question. Appellant in this connection quotes testimony of Mrs. Denton from which we think it is shown that Mrs. Denton was negligent in failing to keep a proper lookout and that a trier of the facts could have found that such negligence was *a* proximate cause of the collision in question. However, the negligence of Mrs. Denton in failing to keep a proper lookout could not be *the sole* proximate cause of the collision in question if appellant was negligent in failing to keep a proper lookout and if such negligence was *a* proximate cause of the collision in question. In this connection see Sinclair Refining Company v. Chandler, Tex.Civ.App., 305 S.W.2d 650, no writ (1957) (opinion by Chief Justice Chadick of this Court) and authorities cited therein, wherein it was stated in part as follows:

" * * * In their brief the appellants state:

' * * * this aged man's own admission that he was following a truck from two to three car lengths behind it dictates that such action must be held to be the sole cause of collision. It, of course, is settled law in this state that "sole cause" on the part of the plaintiff is an issue to be

considered on a plea of privilege hearing even though contributory negligence on his part is not.'

and cite Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984; Page v. Paterson, Tex.Civ.App., 180 S.W.2d 660; Sutherland v. Cotter, Tex.Civ. App., 226 S.W.2d 476, in support of their position.

\* \* \* \* \* \*

"The test as to whether or not Mr. Chandler's action as shown by the evidence was the sole proximate cause of the collision and the resulting injuries and damages he and his wife sustained is to examine the pleadings and evidence to determine if there is evidence to support one or more of the acts of negligence and proximate cause alleged against the truck driver and impliedly found by the trial judge. Such procedure has been approved by the Supreme Court in refusing writ of error in Wichita Valley Ry. Co. v. Durrett, Tex.Civ.App., 174 S.W.2d 329, 331. The rule is stated as follows:

'Defendant contends that the undisputed evidence shows, as a matter of law, that the negligence of the driver of the automobile was the sole proximate cause of the collision. The jury found to the contrary. While there can be little doubt, if any, that the negligence of the driver was a proximate cause of the collision, the question of whether it was the sole cause of the collision depends in part upon whether there is any evidence to support the jury finding of negligence, and proximate cause, on the part of the defendant, which we shall next discuss. If the negligence of the defendant was a proximate cause of the collision, then the negligence of the driver of the automobile could not have been the sole cause of the collision.'

"Appellees allege in their trial pleading that the truck driver was guilty of negligence proximately causing the collision in (1) failing to keep proper look-out; (2) stopping the truck suddenly on the traveled portion of the highway and (3) failing to give a visible signal of his intention to stop. If the evidence will support a finding of negligence and proximate cause in connection with any one of the three, then Mr. Chandler's action cannot be the sole proximate cause of the collision. El Paso City Lines, Inc., v. Smith, Tex.Civ.App., 226 S.W.2d 498, wr. ref.

\* \* \* \* \* \*

"This test applied to the facts shown by Mr. Chandler's testimony leaves no doubt but that the trier of the facts might reasonably find the act of the gasoline truck driver to be a proximate cause of the collision and resulting injury and damage.

\* \* \* \* \* \*

"The Court as trier of the facts would have no difficulty in finding that Mr. Chandler was negligent and that his negligence was a proximate cause of the collision, but since the facts also support a finding that the truck driver's act of suddenly stopping was negligence and a proximate cause of the collision Mr. Chandler's acts could not be said, as a matter of law, to be the sole proximate cause of the collision. El Paso City Lines, Inc., v. Smith, supra. \* \* \*"

Also in this connection see Page v. Paterson, Tex.Civ.App., 180 S.W.2d 660, no writ, (1944) (opinion by Justice Norvell) wherein it was stated in part as follows:

"Appellant also argues that the evidence demonstrates that the negligence of White and of Paterson contributed to the injuries sustained by them. In our opinion the evidence does not establish as a matter of law that the negligence of either White or Paterson,

or their joint negligence, was the sole proximate cause of their injuries.

"Evidence demonstrating that a plaintiff's negligence or the negligence of some person other than the defendant was the sole proximate cause of plaintiff's injuries rebuts a charge that defendant's negligence was a proximate cause of plaintiff's injuries, and shows that no cause of action in fact exists. Horton & Horton v. House, Tex.Com. App., 29 S.W.2d 984, holdings approved by the Supreme Court. It follows that the issue of sole proximate cause may be an element of a venue fact where the existence of a cause of action in fact is made material by the wording of a particular exception of the venue statute.

"Where, however, the negligence of the defendant is a proximate cause of plaintiff's injuries and likewise the plaintiff's negligence is a proximate cause of said injuries, the contributory negligence of the plaintiff is described as constituting a defense to plaintiff's cause of action. Gulf, Colorado & Santa Fe Railway Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; Houston & Texas Central Railroad Company v. Anglin, 99 Tex. 349, 89 S.W. 966, 2 L.R.A.,N.S. 386. Proof of contributory negligence of the plaintiff does not rebut or destroy the charge of negligence and resultant injury made against defendant but avoids liability therefor. Where the issue is venue and not liability, the matter of contributory negligence is not material, i. e., it is not a venue fact. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; Heard & Heard v. Kuhnert, Tex.Civ. App., 155 S.W.2d 817.

"The orders of the trial court overruling the pleas of privilege of appellant in both cases are affirmed."

■ The evidence of the physical facts was of some probative force. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943).

■ Both negligence and proximate cause may be inferred from circumstances. Bock v. Fellman Dry Goods Co., Tex.Comm. App., 212 S.W. 635 (1919).

■ The trial judge, as the trier of the facts, was the judge of the credibility of the two witnesses who appeared before him. Mrs. Denton and J. B. Wallace, and of the weight to be given their testimony.

Also the failure of appellant to testify added force to Mrs. Denton's testimony. 17 Tex.Jur., pp. 306–8.

We hold that this record does not show as a matter of law that the negligence of Mrs. Denton in failing to keep a proper lookout was *the sole* proximate cause of the collision in question.

We hold that there was evidence of probative force in the record to support implied findings by the trial court that appellant was negligent in failing to keep a proper lookout and that such negligence was *a* proximate cause of the collision and damages in question, occurring in Upshur, County, Texas. We further hold that the evidence was sufficient to support such implied findings and that such implied findings were supported by a preponderance of the evidence.

Also, after carefully considering and reviewing the entire record in this cause in the light of the rules announced in the case of In Re: King's Estate, 150 Tex. 662, 244 S.W.2d 660, it is our further holding that the implied findings of the trial court that appellant was negligent in failing to keep a proper lookout and that such negligence was *a* proximate cause of the collision and damages in question, all occurring in Upshur County, Texas, were not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Appellant's points are overruled. The judgment of the trial court overruling appellant's plea of privilege is affirmed.

Affirmed.