Jimmy SANSOM, Relator,

v.

The Honorable Vincent G. SPRINKLE, Respondent.

No. 2–90–198–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 28, 1990.

Russell, Turner, Laird, Barkholtz & Jones, Steven Laird, Fort Worth, Pasqual & Pozza and Timothy, Patton, San Antonio, for relator.

Goodwin, Carlton & Maxwell, Darrell G. Adkerson, Dallas, Tim Curry, Dist. Atty. and Sam Smith, Asst. Dist. Atty., Fort Worth, for respondent.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Jimmy Sansom, relator, brings this original mandamus action complaining that the trial court should not have sustained a contest of his affidavit of inability to pay costs on appeal. We agree, and conditionally grant the writ.

This action arises from Sansom's appeal of his take-nothing judgment in a worker's compensation action. To perfect that appeal, Sansom filed an affidavit of inability to pay costs on appeal. The official court reporter filed a contest claiming that Sansom was in fact able to pay costs of appeal. A hearing was held. The respondent trial judge sustained the contest and set the appeal bond at $3,750.00.

Sansom testified that he had no job and no funds with which to prosecute the appeal, that he could not borrow money to do so, and that his only income was $182.00 per month in food stamps. He was prevented from working by the same injury which was the basis of his original suit against State Farm Fire & Casualty Company (hereinafter "State Farm"), the underlying action from which this appeal was taken. Both Tarrant County (hereinafter "the County"), the real party in interest, and State Farm, the defendant in the underlying suit, argue that Sansom failed at the hearing to meet his burden of proving his inability to pay.

State Farm concedes that the fact of being dependent on public charity is sufficient to establish indigency. *Goffney v. Lowry*, 554 S.W.2d 157, 159 (Tex.1977). However, State Farm argues that Sansom failed to establish that he was in fact receiving public aid since the only evidence offered was his oral testimony that his only income was in food stamps, and that even if Sansom did raise, prima facie, that he was indigent, he still failed to meet his burden since he did not rebut questions raised on cross-examination about other sources of funds he had with which to prosecute the appeal.

On cross-examination Sansom was asked about the possible existence of life insurance benefits to which he may be entitled since his father had recently deceased. Both Sansom and Sansom's brother were asked about the possibility of Sansom's borrowing money from relatives. To all of the issues raised on cross-examination by the two opposing parties, Sansom claimed he did not know whether there were available funds or else gave other similarly evasive answers. No positive evidence was offered by either State Farm or the County that there were any additional funds available to Sansom or that he was not dependent on food stamps.

State Farm and the County both argue that the trial judge was free to believe or disbelieve the testimony offered by Sansom at the hearing. *Cobb v. Dunlap*, 656 S.W.2d 550, 553 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Wallace v. Denton*, 394 S.W.2d 217, 221 (Tex.Civ.App.—Texarkana 1965, no writ). Further, the trial judge could consider evidence of Sansom's general demeanor throughout the *prior* trial, not only at the hearing on his inability to pay costs of appeal. State Farm maintains that the trial judge could have taken judicial notice of the dispute over whether Sansom was injured and incapable of working as it developed through the prior trial, and therefore could disbelieve Sansom's contested claim that he could not work. *Keller v. Walker*, 652 S.W.2d 542, 544 (Tex.App.—Dallas 1983, no writ); *Jones v. Jones*, 525 S.W.2d 912, 914 (Tex.Civ.App.—El Paso 1975, no writ).

It is true that the trial judge may have taken judicial notice of the evidence produced at the prior trial; however, the record on appeal does not indicate that he did. As we do not have the trial record before us, we cannot infer any judicial notice of evidence produced at that trial.[1]

---

1. The attorney for State Farm did ask that the judge consider Sansom's credibility with respect to his testimony on his ability to work. In so asking, State Farm suggested that the judge consider evidence from the trial but did not request a finding or judicial notice of that evidence.

Although the trial judge was permitted, even required, to evaluate the credibility of the testimony heard, he may not completely disregard the only positive evidence he heard, that offered by Sansom. *See Cobb*, 656 S.W.2d at 553 (a trial judge may believe *part* of a witness's testimony and disbelieve another *part* or the judge may believe one witness and not another); *citing Salazar v. Hill*, 551 S.W.2d 518, 520 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e). *See also Wallace*, 394 S.W.2d at 221 (the trial judge, as trier of fact, was held to be the judge of the credibility of the only *two* witnesses, each giving testimony contradicting the other). We are aware of no case, nor has any party to this appeal brought a case to our attention, in which the trier of fact is permitted to entirely disregard all the evidence it hears, especially when neither opposing party offered any affirmative evidence to show that Sansom had unrevealed funds or to rebut his claim that he received food stamps. It is true that we have only Sansom's word for the fact that he depends on public charity, however, no one demanded further proof. The record does not show that either opposing party requested that the court order Sansom to produce documents of proof. Without even the attempt to rebut Sansom's evidence, the County and State Farm did not afford the trial judge an option to disregard Sansom's evidence.

Since it is agreed between the parties that Sansom's being dependent on food stamps is prima facie proof of his inability to pay, once Sansom introduced evidence that he was dependent on food stamps, the two opposing parties bore the burden of introducing some evidence, whether directly or through cross-examination, either rebutting Sansom's claim to be dependent on food stamps or of the existence of other funds available to Sansom. Instead, State Farm and the County only attempted, unsuccessfully, on cross-examination, to get Sansom to admit the existence of other funds. There was, therefore, a complete absence of evidence offered to rebut Sansom's testimony. *See Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). It was therefore an abuse of discretion to disregard the only evidence adduced at the hearing. *See Downer v. Aquamarine Operators Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985) (it is abuse of discretion to act without reference to guiding rules and principles).

We expect that the trial judge will proceed in accordance with this opinion and will withdraw his prior order and enter an order overruling the contest to Sansom's affidavit of inability to pay costs. The writ of mandamus is conditionally granted, but the writ will issue only if Judge Sprinkle fails to enter the proper orders.