**Published order issued June 1, 2017**



In The

# Court of Appeals
For The
# First District of Texas

---

### NO. 01-17-00016-CV

---

**DALE PATRICK KOEHNE, Appellant**
**V.**
**KALEIGH MICHELLE KOEHNE, Appellee**

---

**On Appeal from County Court at Law**
**Austin County, Texas**
**Trial Court Cause No. 2016L-6515**

---

## ORDER

Dale Patrick Koehne appeals from an order holding him in contempt and an order revoking suspension of commitment to county jail. Koehne's filed his notice of appeal on December 27, 2016. On December 28, 2016, Koehne filed a Statement of Inability to Afford Payment of Court Costs.

Koehne subsequently filed requests for the reporter's records of hearings held on August 26, 2016, December 16, 2016, January 17, 2017, and January 23,

1

2017. In requests for hearing records, Koehne attached his Statement of Inability as well as Statements of Indigence.

The court reporter filed a contest and an amended contest. Koehne filed an answer to the contest and to the amended contest, claiming the contests were untimely filed. A hearing was held on January 17, 2017, and the trial court signed an order the same day sustaining the contest. On January 23, 2017, the trial court signed an amended order, finding that Koehne had already paid for the reporter's record for the August 26, 2016 hearing. Another hearing was held on February 6, 2017, but the record contains no further order on Koehne's ability to pay.

The rules regarding indigence were revised effective September 1, 2016. *See* TEX. R. CIV. P. 145; TEX. R. APP. P. 20.1. Under the revised rules, an appellant no longer files an affidavit of indigence, but instead files a Statement of Inability to Afford Payment of Court Costs. *See* TEX. R. CIV. P. 145(a). A court reporter may contest the Statement by filing a motion, but there is no deadline for the filing of the contest. *See* TEX. R. CIV. P. 145(f)(1).

A party who files a statement of inability to pay court costs may be required to prove his inability at an oral evidentiary hearing, but the party may not be required to pay court costs unless the trial court holds an evidentiary hearing, with proper notice given to the declarant. *See* TEX. R. CIV. P. 145(f)(5). If the trial court determines that the declarant can afford to pay court costs, the trial court must

issue an order containing detailed findings. *See* TEX. R. CIV. P. 145(f)(6). Absent a challenge, a trial court order that the declarant can afford to pay court costs also controls the costs on appeal unless the declarant files a motion in the appellate court alleging a material change in circumstances. *See* TEX. R. APP. P. 20.1(b)(3).

The declarant may challenge a ruling that the declarant can afford to pay court costs by timely filing a motion in the appellate court. *See* TEX. R. CIV. P. 145(g)(1). Once an appellant appeals from a trial court's order finding he or she can afford to pay costs, the trial court clerk and court reporter must prepare at no charge a record of all proceedings regarding the declarant's claim of indigence. TEX. R. CIV. P. 145(g)(3).

Koehne filed a timely notice of appeal from the trial court's order, which we construe to be a motion challenging the order under Rule 145(g)(1). Because the trial court's order contained no findings, we issued an order on March 7, 2017, requesting the preparation of detailed findings as required by Rule 145(f)(6). A supplemental clerk's record was filed on April 5, 2017, containing the trial court's findings.

The following is a summary of the trial court's findings:

1. Koehne had paid his attorney's fees of more than $12,000;

2. Koehne's attorney sent the court reporter a check for $930 in payment for the August 16, 2016 hearing record;

3

3. At the time of the August 16, 2016 hearing, Koehne was employed, and was earning approximately $2,000.00 per month in gross wages;

4. Koehne had expenses of $500, leaving $1,500, to go toward other financial obligations;

5. Koehne also had worked for his parents and was paid cash;

6. Koehne was not working or had not sought employment from August 2016 – December 2016;

7. Koehne occasionally received payment for odd jobs at his cousin's shop, but he did not know the total amount his cousin had paid him;

8. Koehne has borrowed money from his parents to pay his attorneys;

9. Koehne's truck is paid for and he may be able to get a loan using the truck as collateral, but not from a bank;

10. The cost of the August 26, 2016 reporter's record was $500-550; and

11. Koehne's Statement of Inability does not meet the requirements of TEX. R. APP. P. 20.1(b) in that is does not show his inability or ability to pay some of the reporter's record costs.

Based on these findings, the trial court concluded that Koehne was not indigent for purposes of receiving a free reporter's record. The trial court also found Koehne had withdrawn requests for free reporter's records of the hearings held on August 26, 2016 and January 23, 2017 (these were withdrawn because Koehne's attorney had allegedly paid for these, however, our records show no hearing record for January 23, 2017 has been filed). The records of the January 17, 2017 and February 6, 2017 hearings on the contests to Koehne's affidavit of indigence have also been filed. Thus, the reporter's records that have not yet been filed are of hearings held on December 16, 2016 and January 23, 2017.

4

We review a trial court's order using an abuse-of-discretion standard. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either that he receives public assistance, is being assisted pro bono by counsel, or is unable to afford the payment of court costs. *See* TEX. R. CIV. P. 145(e). We may find an abuse of discretion by the trial court only if the trial court's ruling is "so arbitrary and unreasonable as to be clearly wrong." *Arevalo*, 983 S.W.2d at 804. Although a trial court may evaluate the declarant's credibility, the court may not disregard evidence establishing the declarant's inability to afford to pay court costs, particularly when that evidence is not rebutted. *In re Sosa*, 980 S.W.2d 814, 816 (Tex. App.—San Antonio 1998, orig. proceeding).

We first address the trial court's final finding of fact that Koehne's Statement of Inability does not satisfy the rules because Koehne did not state whether he could afford to pay a portion of the costs. Neither Rule 145 of the Texas Rules of Civil Procedure nor Rule 20.1 of the Texas Rules of Appellate Procedure, however, require such a statement. The Statement of Inability used by Koehne is the one approved by the Texas Supreme Court. *See* TEX. R. CIV. P. 145(b); TEX. R. APP. P. 20.1. This form does not ask a declarant to state what portion of costs he or she is able to afford. Thus, the trial court abused its

5

discretion in determining that Koehne's affidavit was deficient for not including a statement regarding his ability to pay a portion of the costs.

Turning to the trial court's other findings, many are expressly based on Koehne's financial condition in August 2016, rather than on his current financial condition. Although some of Koehne's financial conditions are the same, some are not. For example, the record shows that when Koehne filed his Statement of Inability, he was living with his parents, had been unemployed since February 2016 except for a 90-day temporary job and the occasional odd job working for his cousin. Thus, the trial court abused its discretion in determining Koehne's current ability to pay costs based on his August 2016 testimony about short-term employment that paid approximately $2,000 per month.

As for the finding that Koehne was able to borrow money, Koehne testified that his family had loaned him money to pay his attorney's fees but were no longer able to loan him money, he was unable to pay his current attorney and she was now "operating without receipt of payment." As for the payment made by his attorney to the court reporter, Koehne testified that he does not know the origin of those funds, but he did not pay it. The trial court also found that Koehne could borrow money using his truck as collateral. However, Koehne's 2007 truck had almost 200,000 miles, was valued at $1759, and already has a lien against it. Thus, the

6

record does not support the finding that Koehne can borrow money to pay court costs.

Additionally the record showed that Koehne had debts of approximately $22,000 for attorney fees, unpaid medical bills (his and his children's), and outstanding child and spousal support. Finally, Koehne was unable to seek or obtain employment after December 16, 2016, because he was in jail for nonpayment of child support and had no funds for bond. Thus, his expenses exceed his income.

The evidence shows Koehne did not have the ability to pay court costs. He has no current income, his expenses exceed his ability to pay, he has no cash or assets that can be sold to pay costs, he is unable to borrow money, and he is currently in jail. Although the trial court was required to evaluate Koehne's credibility, it was not free to disregard the evidence of Koehne's current financial condition and focus instead on Koehne's financial condition in August 2016, when he had a short-term job and was not in jail. *See Sosa*, 980 S.W.2d at 816 (granting relief because unrebutted testimony established that expenses exceeded income and no assets were available to finance payment of costs on appeal); *In re A.M.*, – S.W.3d –, No. 08–16–00277–CV, 2016 WL 6835727, at * 3 (Tex. App.—El Paso Nov. 21, 2016, no pet.) (holding trial court abused discretion in concluding appellant could afford to pay court costs where evidence established monthly

expenses exceeded average monthly income); *In re N.V.R.*, No. 06–17–00022–CV, 2017 WL 727261, at *3 (Tex. App.—Texarkana Feb. 24, 2017, no pet.) (holding trial court abused its discretion in determining appellant could afford to pay court costs where no evidence controverted his proof of inability). Because Koehne presented evidence he was currently unable to afford the costs on appeal, and no evidence rebutted this testimony regarding Koehne's current financial condition, the trial court's determination that Koehne could afford to pay court costs was "so arbitrary and unreasonable as to be clearly wrong." *Arevalo*, 983 S.W.2d at 804; *Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.—Fort Worth 1990, orig. proceeding) (requiring trial court to withdraw order sustaining contest because appellant presented evidence supporting indigence and no evidence rebutted appellant's testimony). On the record before us, we find the trial court abused its discretion in sustaining the court reporter's contest.

We reverse the trial court's January 17, 2017 order and we order that Koehne may proceed with this appeal without payment of filing fees or costs for the record.

We reinstate the appeal on the active docket and order the court reporter to file within 30 days of the date of this order the reporter's records of hearings held December 16, 2016, and January 23, 2017.  Appellant's brief will be due 30 days after these reporter's records are filed.

It is so **ORDERED.**

## PER CURIAM

Panel consists of Justices Higley, Bland, and Brown.

Publish.