**Order filed November 27, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00744-CV
_____

### JOANNA LAUFER, Appellant

### V.

### JUSTIN GORDON, Appellee

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-67140**

---

## ORDER

This is an appeal from a judgment signed June 5, 2018 denying appellee's application for a protective order but awarding him fees. Appellant appeals the award of fees. Appellant filed a notice of appeal and a statement of inability to afford payment of court costs or an appeal bond on August 10, 2018.

On September 4, 2018, the trial court, on its own motion, held a hearing on appellant's statement of inability to pay costs. *See* Tex. R. Civ. P. 145(f)(4). The

trial court sustained its own motion and denied appellant's request to proceed on appeal without the advance payment of costs.

On September 12, 2018, appellant filed a motion with this court requesting that we review the trial court's order sustaining its contest to appellant's statement of inability to pay costs. *See* Tex. R. Civ. P. 145(g).

A party who files a statement of inability to pay court costs may be required to prove her inability at an oral evidentiary hearing, but the party may not be required to pay court costs unless the trial court holds an evidentiary hearing, with proper notice given to the declarant. *See* Tex. R. Civ. P. 145(f)(5). If the trial court determines that the declarant can afford to pay court costs, the trial court must issue an order containing detailed factual findings. *See* Tex. R. Civ. P. 145(f)(6). Absent a challenge, a trial court order that the declarant can afford to pay court costs also controls the costs on appeal unless the declarant files a motion in the appellate court alleging a material change in circumstances. *See* Tex. R. App. P. 20.1(b)(3).

The declarant may challenge a ruling that the declarant can afford to pay court costs by timely filing a motion in the appellate court. *See* Tex. R. Civ. P. 145(g)(1). Once an appellant appeals from a trial court's order finding he or she can afford to pay costs, the trial court clerk and court reporter must prepare at no charge a record of all proceedings regarding the declarant's claim of indigence. Tex. R. Civ. P. 145(g)(3).

Appellant timely filed a motion to challenge the trial court's order to pay costs in this court under Rule 145(g)(1). Because the trial court's order contained no findings, we issued an order on October 25, 2018 requesting the preparation of

detailed findings as required by Rule 145(f)(6). A supplemental clerk's record was filed on November 5, 2018 containing the trial court's findings.

The following is summary of the trial court's findings:

1. Appellant is not being represented in this case for free by an attorney who works for a legal aid provider or who received this case through a legal aid provider

2. Appellant is not represented in this case by legal aid

3. Appellant stated under oath in her Statement of Inability to Afford Payment of Court Costs or an Appeal Bond that she asked a legal-aid provider to represent her and that the legal-aid provider determined that she was financially eligible for representation but the provider could not take her case; however, she presented documentation from the legal-aid provider requesting representation in a modification lawsuit not involving the applicant, Justin Gordan;

4. Appellant did not present any evidence that she applied for representation by legal-aid in this case;

5. Appellant does not receive needs based public benefits;

6. Appellant stated under oath in her Statement of Inability to Afford Payment of Court Costs or an Appeal Bond that she receives $2500.00 in monthly wages as a Project Manager

7. Appellant stated under oath in her Statement of Inability to Afford Payment of Court Costs or an Appeal Bond that she receives an additional $500 per month, but did not reveal the source of those funds;

8. Appellant stated under oath in her Statement of Inability to Afford Payment of Court Costs or an Appeal Bond that she has a bank account containing $1500.00

9. Appellant left blank section 7 of her Statement of Inability to Afford Payment of Court Costs or an Appeal Bond, which asks "are there debts or other facts explaining your financial situation?";

During the hearing on appellant's inability to pay, appellant testified that she solicited legal services from a legal-aid provider during the pendency of the underlying proceedings. It is unclear if she was soliciting these services for the underlying case or for another matter. Appellant testified that the legal-aid provider agreed she was eligible for representation. However, at the point in which her previous counsel withdrew, her case was too close to trial for the legal-aid provider to provide adequate representation. According to appellant, the legal-aid provider declined to represent her in the underlying matter because of the timing of her trial. At which point, appellant hired her current counsel on a pro-bono basis. During the hearing, the trial court questioned appellant regarding her relationship with her current counsel, eventually asking appellant whether her current attorney was her boyfriend. Appellant confirmed that the firm representing her on a pro-bono basis was her boyfriend's firm. Appellee, Justin Gordan, appellant's former boyfriend, testified that due to the "special relationship" between appellant and her counsel, the number of filings had increased, thereby increasing his legal fees.

Appellant testified that she has monthly expenses in the amount of $2,980 and income from her employment as a project manager of $2,500 a month and income of $500 a month in child support. Appellant has a four-year-old daughter who lives with her. According to appellant, she no longer puts money in her savings account and estimates that she has approximately $700 in her savings account. Additionally, she testified to owing her previous counsel $35,000 in legal fees and claims she already paid him $40,000[1], which is why she sought a legal-aid

---

[1] The record is unclear, appellant testified she paid him $40,000, but later testimony indicates it may have been $4,000.

provider. Moreover, appellant explained she has a $4,000 default judgment against her.

We review a trial court's order using an abuse of discretion standard. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either that she receives public assistance, or is being assisted pro bono by counsel, or is unable to afford the payment of court costs. *See* Tex. R. Civ. P. 145(e). We may find an abuse of discretion by the trial court only if the trial court's ruling is "so arbitrary and unreasonable as to be clearly wrong." *Arevalo*, 983 S.W.2d at 804. Although a trial court may evaluate the declarant's credibility, the court may not disregard evidence establishing the declarant's inability to afford to pay court costs, particularly when that evidence is not rebutted. *In re Sosa*, 980 S.W.2d 814, 816 (Tex. App.—San Antonio 1998, orig. proceeding).

The trial court's decision appears heavily influenced by appellant's legal representation. It referenced appellant's lack of legal-aid representation in four out of twelve of its findings. Additionally, there was testimony from appellee, appellant's former boyfriend, alluding to a possibility that appellant's counsel was unnecessarily running up his tab. The trial court references this possibility in finding number (3), wherein it mentions legal-aid was only sought by appellant in a case *not* involving appellee Justin Gordan. While being assisted pro bono by counsel, which appellant testified she is—albeit her boyfriend, is one factor in our analysis, it is not the only factor. *See* Tex. R. Civ. P. 145(e).

The evidence shows appellant does not have the ability to pay court costs. Her income barely covers her expenses, she testified she owes her previous

5

attorney $35,000, she has a judgment of $4,000 against her, she is currently appealing an award of attorney's fees against her, and her current counsel testified their firm is not willing to cover the court costs for her. Although the trial court was required to evaluate appellant's credibility, it was not free to disregard the evidence of appellant's current financial condition. *See Sosa*, 980 S.W.2d at 816 (granting relief because unrebutted testimony established that expenses exceeded income and no assets were available to finance payment of costs on appeal). Because appellant presented evidence that she was currently unable to afford the costs on appeal, and no evidence rebutted this testimony regarding her current financial condition, the trial court's determination that appellant could afford to pay court costs was "so arbitrary and unreasonable as to be clearly wrong." *Arevalo*, 983 S.W.2d at 804; *Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.—Fort Worth 1990, orig. proceeding) (requiring trial court to withdraw order sustaining contest because appellant presented evidence supporting indigence and no evidence rebutted appellant's testimony).

We reverse the trial court's September 4, 2018 order and we order that appellant may proceed with this appeal without payment of filing fees or costs for the record. Accordingly, the official court reporter for the 280th District Court is directed to file the reporter's record **within 30 days** of the date of this order and appellant's brief is due 30 days thereafter.

PER CURIAM

6