**ORDER REVERSED and Opinion Filed May 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00048-CV

### ADRIAN BOOKER AND NICOLE SMITH, Appellants
### V.
### ANISSA MAHMOUDI, Appellee

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-01795-2018**

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Justice Nowell

By order dated April 4, 2019, we construed appellant Adrian Booker's amended notice of appeal as requesting, in part, a review of the trial court's March 4, 2019 order finding appellant not indigent. *See* TEX. R. CIV. P. 145(g)(1). As directed to do so by our April 4th order, the trial court clerk and court reporter have filed a record of the trial court proceedings on appellant's claim of indigence. We reverse the trial court's order.

### Background

The trial court's order followed a hearing on the trial court's own objection to Booker's statement of inability to afford costs. At the hearing, the trial court explained its reasons for objecting to Booker's statement of inability as follows:

> Part of the basis is the fact that there is some money that you're going to receive from the Court's registry at some point. The other part is the fact that you're able to live in a relatively normal way, and you - you submitted an affidavit saying that

you had no income whatsoever, but you had $3,500 a month or so in payments on a monthly basis.

Booker testified that he receives public benefits. On the record, the trial court stated that it believed Booker received public benefits and that it was "not concerned about that." Booker testified that he suffered an assault on February 28, 2018. He was able to continue working until he was hospitalized in April of 2018 and had emergency surgery on his lung. Since that time, his friend Nicole Smith has paid Booker's expenses. Prior to his health issues, Booker worked as a mediator for ReSync Resolution Services, a company owned by Booker and Smith. ReSync closed in June of 2018. Booker testified that he consistently has seven to eight doctor's appointments a week. He recently began therapy in a hyperbaric chamber five days a week.

Smith testified that she is a member of ReSync and that it is not currently operating because Booker is the mediator, and he cannot work. She stated that ReSync has no money. Smith testified that Booker was injured on February 28th and that "[t]here was a gradual decline from there, still able to do some work." In April, Booker suffered a sharp decline resulting in hospitalization for a hematoma on the lung related to the injury in February. Following his release from the hospital, Smith had to give him "IV's" for approximately two months. Smith testified that Booker lives with her. She pays Booker's bills, but she expects him to pay her back. She said the money in the registry of the court belongs to her because she paid it. Smith testified that she was currently unable to loan Booker any money.

Counsel for appellee Anissa Mahmoudi called Sean Moniri to testify. Moniri was the real estate agent for the house currently leased to Smith. Both Booker and Smith submitted lease applications dated April 19, 2018, along with their paystubs. Booker's ReSync paystub showed that he earned $2,942 for the period March 11, 2018 through March 24, 2018 and a year-to-date income of $20,302.56.

On cross-examination, Moniri testified that when he met with Booker and Smith at the property in April, he understood Booker had been in the hospital and observed that he was walking very slowly.

**The Law**

Texas Rule of Civil Procedure 145 exempts a party from paying court costs, including the fees for the clerk's and reporter's records, if the party files a statement showing he does not have the funds to pay. *See* TEX. R. CIV. P. 145(a),(c). A trial court may order payment of costs by a party who files a statement only on motion challenging the statement and upon the party's failure, at an evidentiary hearing, to establish his inability to afford costs. *See id.* 145(f)(1)–(5). The trial court may, on its own motion, require a party to prove the inability to afford costs if evidence comes before the court that the party may be able to afford costs. *See id.* 145(f)(4). If the trial court orders the party to pay court costs, the court must support its order with "detailed findings that the [party] can afford to pay costs." *See id.* 145(f)(6). The central inquiry under rule 145 "is not merely whether the person can pay costs, but whether the person can afford to pay costs" and still pay for "basic essentials, like housing or food." *See id.* 145, cmt.

The test for determining indigence is whether the record as a whole shows "by a preponderance of the evidence that the [party] would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so[.]" *In re C.H.C.,* 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins v. Randall Cnty. Sheriff's Office,* 257 S.W.3d 684, 686 (Tex. 2008)). This standard is met by proof that the party depends on public assistance. *See Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 351 (Tex. 1996); *see also Goffney v. Lowry,* 554 S.W.2d 157, 159–160 (Tex. 1977) ("The fact that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay the court

costs or give security therefor."). To overcome this proof, evidence must be presented that the party "is not dependent on food stamps or that other funds are available." *See Griffin Indus.,* 934 S.W.2d at 352 (citing *Sansom v. Sprinkle,* 799 S.W.2d 776, 778 (Tex. App.—Fort Worth 1990, orig. proceeding)).

We review the trial court's order to pay costs for an abuse of discretion. *See In re A.L.V.Z.*, 352 S.W.3d 568, 570 (Tex. App.—Dallas 2011, no pet.). A trial court's order to pay costs will be affirmed unless the record reflects the trial court acted in an arbitrary and unreasonable manner or without reference to any guiding rules or principles. *See id.* As the fact finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *See In re A.R.*, 236 S.W.3d 460, 471 (Tex. App.—Dallas 2007, no pet.) (op. on reh'g). However, the trial court may not completely disregard the only evidence adduced at the hearing concerning the declarant's ability to pay costs. *See Sansom*, 799 S.W.2d at 778.

### Discussion

In the order finding Booker not indigent, the trial court found, among other things, that after the alleged assault, Booker continued to work but now claims he can no longer work. "[Booker] provided a medical statement that indicated he had an elbow injury, with no restrictions. He testified to a lung condition, but provided no proof of it." Having observed Booker in its court since July/August of 2018, the court "has seen nothing in Booker's physical or mental actions that would prevent him from carrying on the duties of a mediator or arbitrator." The trial court also found that Booker failed to provide any financial statements to document how his monthly expenses are paid. The trial court then acknowledged in its findings that Smith "has paid Booker's living expenses." Contrary to Smith's testimony, the trial court found that Smith "could reluctantly loan him an additional $2,000." The trial court found that, pursuant to a settlement agreement, Smith and Booker are due to receive an additional $2,500 from the court's

registry. The trial court found Booker to be "not credible" and that he is intentionally underemployed.

Booker testified that he received food stamps. By doing so, Booker established a prima facie case that he is financially unable to pay costs. *See Griffin Indus., Inc.*, 934 S.W.2d at 351; *see also Goffney*, 554 S.W.2d at 159–160. Rather than dispute this testimony, the trial court stated on the record at the hearing that it believed that Booker received food stamps and that it was "not concerned about that." At that point, it was incumbent that evidence be presented that other funds are available to Booker. *See Griffin Indus.,* 934 S.W.2d at 352.

As to the availability of other funds, Booker testified that he had been unable to work since he was hospitalized in April of 2018 with a serious lung injury. Booker and Smith both testified that Smith has been paying his living expenses since that time. They also testified that all the money in the court's registry was paid by Smith and any portion returned would go to her alone. The testimony that Booker earned money during the first three months of 2018 is not inconsistent with Booker's testimony that he has been unable to work and has had no income since April of 2018.

Although the trial court was required to evaluate Booker's credibility, the trial court was not free to completely disregard the only evidence establishing his inability to pay costs when no evidence was offered in rebuttal. *See Sansom*, 799 S.W.2d at 778. Moreover, the trial court's finding that Booker was intentionally underemployed was based solely on its *belief* that Booker is capable of working as a mediator. The February 22, 2019 signed doctor's form stated that Booker was seen in the office for bilateral elbow pain. The form stated that Booker was not able to work until April 8, 2019. Although the trial court noted in its findings that the form indicated that he had an "elbow injury, with no restrictions," it is reasonable to assume that no restrictions were checked on the medical form because Booker was not released to return to work. Again,

–5–

the undisputed evidence was that, as of the date of the hearing, a doctor had stated that Booker was not eligible to return to work.

Nothing in the trial court's findings shows that Booker can afford to pay costs. Under these circumstances, we conclude the trial court abused its discretion in finding Booker not indigent. Accordingly, we reverse the trial court's order. The clerk's and reporter's records shall be paid without payment of costs.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190048F.P05