

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00284-CV

Ronald Dean **STRICKLAND**,
Appellant

v.

**IHEARTMEDIA**, Inc. and Stephen L. Schaefer,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVDO-21-0000063
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: March 9, 2022

REVERSED

Appellant Ronald Dean Strickland appeals the trial court's order finding him not indigent

and denying his request for a free record on appeal.  We conclude the trial court abused its

discretion in sustaining the contest to appellant's affidavit of indigence.  Therefore, we reverse the

trial court's order and direct the court reporter to prepare the record without the payment of costs.

## BACKGROUND

On March 23, 2021, appellant filed an original petition against appellees iHeartMedia, Inc. and Stephen L. Schaefer.[1]  Appellees answered and filed a motion to dismiss appellant's claims for failure to state a cause of action, pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a.  On July 13, 2021, the trial court granted the Rule 91a motion to dismiss. That same day, appellant filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond.  Appellees timely filed a challenge to appellant's affidavit of indigence.  Appellant filed a response.  Thereafter, appellees filed a supplement to their challenge, with additional arguments and attachments.

On September 16, 2021, the trial court held a hearing on appellees' challenge and, the next day, signed an order sustaining the challenge.  Appellant then timely filed a challenge to the trial court's order. *See id.* R. 145(g) (authorizing challenge in court of appeals).  We ordered the court reporter to file the reporter's record from the September 16, 2021 hearing. *See id.* R. 145(g)(3). In our court, appellant has filed a "Brief on the Merits," which we construe as appellant's challenge to the trial court's order requiring him to pay costs.  Appellees have filed a response, and appellant has filed a reply to appellees' response and a "Response to the Reporter's Record."  The trial court clerk has already filed the clerk's record in this appeal.  Therefore, the dispute over costs relates to whether appellant must pay the costs for preparation of the reporter's record.

## STANDARD OF REVIEW AND APPLICABLE LAW

A party who files a statement of inability to afford costs cannot be required to pay costs, such as the fee for the reporter's record, unless certain procedural requirements have been satisfied.

---

[1] Appellant also listed "John and Jane Does" as defendants but did not state any allegations related to unknown persons.

*See* TEX. R. CIV. P. 145(a), (f).[2]  First, the party who files the statement, also known as the "declarant," must be given 10 days' notice of an oral evidentiary hearing, and such a hearing must be held.  *See id.* R. 145(f)(1).  "At the hearing, the burden is on the declarant to prove the inability to afford costs."  *Id.*  "The test for determining indigence is straightforward: Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?"  *Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (citations omitted).[3]  Second, "[a]n order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs."  TEX. R. CIV. P. 145(f)(2).  Third, "[a]n order requiring the declarant to pay costs must state in conspicuous type: 'You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. See Texas Rule of Civil Procedure 145.'"  *Id.* R. 145(f)(4).[4]

We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion.  *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied).  The trial court abuses its discretion if its "ruling is so arbitrary and unreasonable as to be clearly wrong."  *Id.* (citing *Arevalo v. Millan*, 983 S.W.3d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.)).  As the fact finder, the trial court is the sole judge of the credibility of the witnesses and

---

[2] Rule 145 has been amended several times in recent years.  Its most recent amendments became effective on September 1, 2021.  *See Final Approval of Amendments to Texas Rules of Civil Procedure Rule 145, 502.3, and 506.4*, Misc. Docket No. 21-9077 (July 9, 2021).  We apply the current version of Rule 145 because appellees' challenge was pending on September 1, 2021.  *Cf. Final Approval of Revisions to the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure and of a Form Statement of Inability to Afford Payment of Court Costs*, Misc. Docket No. 16-9122 (Aug. 31, 2016) (amending Rule 145, effective September 1, 2016, stating: "The amended rules apply to any contest of, or challenge to, a claim of inability to afford payment of court costs that is pending on September 1.").

[3] The comment to the 2016 changes to the Rule states: "The issue is not merely whether a person can pay costs, but whether the person can afford to pay costs.  A person may have sufficient cash on hand to pay filing fees, but the person cannot afford the fees if paying them would preclude the person from paying for basic essentials, like housing or food."  TEX. R. CIV. P. 145 cmt. to 2016 change.

[4] There is a fourth procedural requirement related to partial payment of costs and installment payments that is not relevant to this challenge.  *See* TEX. R. CIV. P. 145(f)(3).

evidence. *See In re A.R.*, 236 S.W.3d 460, 471 (Tex. App.—Dallas 2007, no pet.) (op. on reh'g). However, a trial court may not completely disregard a declarant's evidence of inability to pay if it is the only positive evidence adduced before the trial court. *See Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.—Fort Worth 1990, orig. proceeding). An uncontested affidavit of indigence entitles a declarant to proceed without advance payment of costs. *See Higgins*, 257 S.W.3d at 688–89.

## DISCUSSION

Appellant asserts two challenges to the trial court's order. First, he argues the trial court erred in excluding evidence at the September 16, 2021 hearing. This complaint relates to appellant's inability to participate in the trial court's hearing, which was conducted via Zoom videoconference. Second, appellant argues "[t]here is no factual[ly] sufficient evidence" to support the trial court's order. Appellant's second argument is dispositive.

On this record, we agree there is no evidence to support the trial court's order and, appellant has carried his burden to prove his inability to afford costs. *See* TEX. R. CIV. P. 145(f)(1). The only evidence in the record of appellant's inability to pay costs are sworn affidavits filed by appellant. Rule 145 requires a party asserting an inability to pay court costs to file a sworn Statement of Inability to Afford Payment of Court Costs on a form that is approved by the supreme court or another sworn document containing the same information. *Id.* R. 145(b). A "sworn" statement "is one that is signed before a notary or made under penalty of perjury." *Id.* Appellant filed a sworn statement on the supreme court's approved form. Appellant's sworn statement includes checkmarks to indicate that appellant "receive[s] these public benefits/government entitlements that are based on indigency: . . . Food stamps/SNAP."[5]

---

[5] Although appellant did not state the amount per month of his public benefit in food stamps, which is asked for on the form, his statement is sufficient to invoke Rule 145. Rule 145(c)(2) states that the clerk "may return a Statement

After appellees filed their challenge to appellant's affidavit, appellant filed a response and attached a copy of his food stamp card. Appellant signed his name beneath a declaration averring that the contents of his response are based on personal knowledge and are "true and correct" "under penalty of perjury." Rule 145(d) advises that a declarant should submit with the statement any available evidence of inability to pay. *Id.* R. 145(d). An attachment demonstrating that the declarant receives benefits from a means-tested government entitlement program is "prima facie evidence" of the declarant's inability to afford payment of costs. *Id.* R. 145(d)(1); *see Booker v. Mahmoudi*, No. 05-19-00048-CV, 2019 WL 2266667, at *3 (Tex. App.—Dallas May 24, 2019, no pet.) (After declarant established prima facie case that he was financially unable to pay costs, "it was incumbent that evidence be presented that other funds [were] available to [declarant].").

Against this prima facie evidence, there is no competent evidence in the record. Rule 145(e) requires that a challenge to a statement of indigence filed by a party "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." TEX. R. CIV. P. 145(e)(1). The 2016 comments to the Rule underline the importance of a sworn challenge: "[T]he rule does not allow . . . a party to challenge a litigant's claim of inability to afford costs without sworn evidence that the claim is false." *Id.* R. 145 cmt. to 2016 change. Neither appellees' initial challenge nor their supplement to the challenge contains sworn evidence. Appellees' initial challenge contains no evidence whatsoever. Appellees' supplement contains no *sworn* evidence: their attachments were not verified or otherwise sworn to. *Cf In re A.M.*, 557 S.W.3d 607, 609 (Tex. App.—El Paso 2016,

---

for correction only if it is not sworn—not for failure to attach evidence or any other reason." TEX. R. CIV. P. 145(c)(2); *cf. Abrigo v. Ginez*, 580 S.W.3d 416, 420 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (concluding statement was sufficient to invoke the protections of Rule 145 where trial court did not direct declarant to correct or clarify statement).

no pet.) (holding sworn statement that counsel had a "good faith belief" that declarant's statements were materially false or no longer true was not sworn evidence).

At the hearing on September 16, 2021, appellees did not move to admit evidence, and the trial court did not admit any evidence or take judicial notice of any fact. *Cf. Sansom*, 799 S.W.2d at 777 ("It is true that the trial judge may have taken judicial notice of the evidence produced at the prior trial; however, the record on appeal does not indicate that he did."). Moreover, the trial court did not support its order requiring appellant to pay costs with "detailed findings that the declarant can afford to pay costs." *See* TEX. R. CIV. P. 145(f)(2); *cf. In re L.A.V.*, 631 S.W.3d 932 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (Spain, J., dissenting) (disagreeing that appellate court could remand for missing findings required by Rule 145(f)(2)).[6]

Ultimately, we are left with only prima facie evidence of appellant's inability to pay, which was established by sworn evidence that appellant received food stamps. *See* TEX. R. CIV. P. 145(d)(1). Appellees' challenge was merely allegations without evidence and insufficient under the Rule to contest appellant's affidavit or controvert his proof. *See id.* R. 145(e)(1). "An uncontested affidavit of inability to pay is conclusive as a matter of law." *Equitable Gen. Ins. Co. of Tex. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984). "It is an abuse of discretion for any judge . . . to order costs in spite of an uncontested affidavit of indigence." *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016); *see also Abrigo*, 580 S.W.3d at 419; *In re Sosa*, 980 S.W.2d 814, 816 (Tex. App.—San Antonio 1998, no pet.). Because appellant presented prima facie evidence that he was unable to afford the costs on appeal, appellees presented no sworn challenge, and the trial court neither admitted evidence at the hearing or made detailed findings, we hold the trial court's determination that appellant could afford to pay court costs was "so arbitrary and unreasonable as

---

[6] The trial court's order also does not state that appellant had a right to appeal the order, as required by Rule 145(f)(4). *See* TEX. R. CIV. P. 145(f)(4).

to be clearly wrong." *Arevalo*, 983 S.W.2d at 804; *see In re N.L.P.*, No. 06-17-00010-CV, 2017 WL 490701, at *2 (Tex. App.—Texarkana Feb. 7, 2017, no pet.) (mem. op.) (holding trial court abused its discretion by requiring party to pay costs where affidavit of indigency complied with Rule 145, notice of hearing was not provided in accordance with Rule, no controverting evidence was introduced at hearing, and trial court's order was unsupported by findings); *Sansom*, 799 S.W.2d at 778 (requiring trial court to withdraw order sustaining contest because appellant presented evidence supporting indigency and no evidence rebutted appellant's testimony).

## CONCLUSION

We reverse the trial court's order requiring appellant to pay costs.

Rebeca C. Martinez, Chief Justice